## The State *v.* Raymond.

Upon an indictment or information against a town for not making or repairing a highway, the town cannot object that the record of the laying out of the highway shows that one of the land owners, over whose land the road was laid, was not notified.

Such an objection being one that could have been readily cured on the coming in of the report laying out the road, and the town having then an opportunity to object on that account, cannot, after the acceptance of the report establishing the road, and an indictment for not making it, be heard to allege the defect as a defence to the indictment.   It will be taken that the objection was either waived or cured by the action of the land owner or the town.

Upon an indictment or information for not making or repairing a highway, laid out agreeably to the statute, it is not necessary to aver that it is an ancient highway, nor to set forth particularly the proceedings by virtue of which it was laid out.   It will be sufficient if the information allege that there was on a specific day, and still is, a new public highway in the town, duly laid out and established by law.

An information was filed against the town of R., alleging that on the first day of January, 1852, there was, ever since has been, and still is, a new public highway in the town of R., duly laid out and established by law; and then proceeded particularly to describe the highway.   *Held*, that the averment of the existence of the highway was sufficiently made.

INFORMATION for neglecting to make and repair a highway.   The information was filed at the common pleas, holden at Exeter, on the second Tuesday of February, 1852,

and commenced in this wise: "Be it remembered that John Sullivan, Esquire, attorney general for the State aforesaid, being here in court, gives the said court to understand and be informed that on the first day of January, in the year of our Lord one thousand eight hundred and fifty-two, there was, ever since has been, and still is, a new public highway in the town of Raymond, in said county, duly laid out and established by law, as follows, that is to say." Then follows a long and minute description of the road, embracing the various courses from point to point, and setting forth the names of the different individuals over whose land the road passes, among which is the name of James Welch. The information then contains the general allegation of the bad state of the road; the liability of the town to make it and put it in good repair; and their neglect and refusal to make it, to the great damage of the citizens of the State, and contrary to the form of the statute in such case made and provided.

The parties submitted the cause to the court, to determine as to the liability of the town, and to direct a judgment, the evidence to be considered as upon a trial by jury.

Albert R. Hatch, Esquire, the county solicitor, who appeared for the State, introduced the records of a judgment of the court of common pleas, at the September term, 1850, laying out the road described in the information, according to the report of the road commissioners upon the petition of Daniel Griffin and others. The report shows that the road was laid out, in part, over land of James Welch, and does not show that the commissioners gave him any notice of the time and place of the hearing upon the petition, and does not disclose any reason why such notice was not given.

Henry F. French, Esquire, who appeared for the town, admitted that no part of the road had been made, but he interposed two objections to a judgment against the town, both of which were overruled by the court, and he excepted.

The first objection was to the information, that it does

not allege "that the highway has been used twenty years, nor that it has been laid out agreeably to statute law."

The second objection was the absence of any proof of notice to said James Welch, whose land was taken for the road.

The court having ruled against these objections, and the town having excepted to the ruling, judgment was ordered against the town, and a fine assessed of one thousand dollars, and an agent was appointed to superintend the making of the highway, but execution was not to issue until after the next term of the superior court.

The questions arising upon the case were transferred to this court for determination, judgment to be entered as this court shall order.

*Hatch*, solicitor of Rockingham county, for the State.

I. The allegation in the information of the existence of the highway is sufficiently particular. How it became so is matter for proof and not of averment. As well might the State's council, in an indictment against a public officer, for misconduct in office, be required to set forth the proceedings of the town meeting at which he was elected.

II. The allegation was sufficiently proved at the trial. The evidence was the record of a judgment of the court of common pleas, establishing the highway. That judgment is conclusive until reversed, and the regularity of it cannot be inquired into on the trial of this cause.

The State alleges, and after the trial discovered and offered to prove that, in fact, all the land owners were notified; and that the apparent omission in the report of the road commissioners, arose from the fact that James Welch purchased the land of D. Griffin, after the hearing before the commissioners, but before their report; and that the damages were, by consent of parties, awarded to Welch. And we have

Welch's affidavit that he had actual notice. Comp. Stat. ch. 54, § 5.

But it is immaterial now whether Welch was notified or not. He has his remedy under section 10, chapter 53 of the Compiled Statutes.

We will, however, examine more particularly the exceptions taken to the verdict, one of which is founded upon the form of the information, and the other upon the evidence by which it was sustained.

We will first consider the exception that the State did not show by competent evidence that the highway was legally laid out.

The judgment of the court of common pleas, accepting the report of the road commissioners, was offered, and the objection reduces itself to this, that on examination of all the papers in the case, it does not appear that the road commissioners notified a certain person over whose land they partly laid out the highway.

The general rule upon this subject is well settled. A judgment of a court of concurrent or exclusive jurisdiction, is conclusive upon the same matter between the same parties, coming incidentally in question in any other court, for a different purpose. *De Grey,* C. J., in the *Duchess of Kingston's Case,* 11 State Trials 261 ; 1 Phil. on Ev. 321 ; 1 Greenl. on Ev. § 528. *A fortiori* such a judgment is thus conclusive in the court where it was pronounced.

A judgment is defined to be " the sentence of the law pronounced by the court upon the matter contained in the record." 2 Tomlin's Law Dict. 287 ; Webster's Dict. Judgment 4. The judgment offered in evidence, in this case, was the conclusion or determination of the law, pronounced by the court that the road described in the information was and should be a highway. It was pronounced by a court having jurisdiction of the subject, and the parties were the same. The public or the State was represented by the

petitioners, and the town of Raymond was the party defendant.

This judgment, if erroneous in any of the particulars on which it was based, is undoubtedly subject to be reversed on a *certiorari* in the nature of a writ of error. But until so reversed, its regularity cannot be questioned. The rule is founded on one of the most obvious and necessary principles of the law, for there could be no end to litigation nor certainty in legal decisións, if the final judgments of the courts could be reversed and impeached collaterally. And to this effect the decisions of the courts seem to be uniform. *Johnson* v. *Ball*, 15 N. H. Rep. 407; *Gorrill* v. *Whittier*, 3 N. H. Rep. 265; *Robbins* v. *Bridgewater*, 6 N. H. Rep. 526; *State* v. *Gilmanton*, 14 N. H. Rep. 474; *Commonwealth* v. *Weiher*, 3 Met. 449.

There is a class of cases in which the doings of the court of sessions, in laying out highways, have been holden void. But in all these cases the court had no jurisdiction of the subject. Such was the case of *Commonwealth* v. *Charlestown*, 1 Pick. 180, and of *Cilley* v. *Dudley*, 5 N. H. Rep. 561. See also *Robbins* v. *Bridgewater*, 6 N. H. Rep. 526.

Where selectmen, in laying out roads, have not complied with the requirements of the statute, their doings have been treated as void, expressly on the ground that they cannot be revised on *certiorari*. *Todd* v. *Rowe*, 2 Greenl. 60; *Jones* v. *Andover*, 9 Pick. 146; *Harlow* v. *Pike*, 3 Greenl. 438; *Pritchard* v. *Atkinson*, 3 N. H. Rep. 338.

It is entirely unnecessary to discuss the question whether the proceedings under which this road was laid out, would be quashed on *certiorari*. It may be suggested, however, that the statute, (Comp. Stat. ch. 54, § 5,) does not make the report of the road commissioners the exclusive evidence of notice. The court may have been informed by oral testimony, of the notice omitted in the report. Or it may appear, as we have alleged the fact to be, that Welch had

actual notice, that he appeared before the commissioners, and that he is content with the judgment by which it was laid out.

And it is very questionable whether any one but Welch can have a *certiorari.* His damages may have been awarded to his satisfaction, or he may prefer the remedy given by the statute.    Comp. Stat. ch. 53, § 10.

The remaining exception is to the form of the present information.    The statute imposes the penalty for neglect to make and put in good repair " any new highway."    Comp. Stat. ch. 57, § 1.    The information describes it as a " new public highway."    The exception seems to be that the information does not describe the proceedings under which the highway was laid out.    But it is conceived that the rules of good pleading do not require any such detail.

Chitty, in his Pleading, page 225, declares it to be " a most important principle of the law of pleading, that in alleging the fact it is unnecessary to state such circumstances as merely tend to prove the truth of it."    In 1 Chitty's Crim. Law 231, a, it is said that it is not necessary to state, in an indictment, mere matter of evidence which the prosecutor proposes to adduce, unless it alters the offence, for so it would make the indictment as long as the evidence.

And it is a necessary result of the reasoning upon the other exception in this case, that the fact of the existence of the highway need alone be stated.    If the judgment be conclusive, it becomes immaterial to state the proceedings on which it was founded.    *Johnson* v. *Ball,* 15 N. H. Rep. 407.

The forms of indictments for nuisances on highways allege merely that there was " a common highway," or " a certain common and public street and highway."    Wharton's Prec. 406, 407.

So in indictments against officers for misconduct, they are alleged to be " justices of the peace," " constables," &c.

In 3 Chitty's Crim. Law 570, it is said that though it is

usual to state in indictments for neglect to repair highways, that " from time immemorial there was, and yet is, a certain ancient and common king's highway," it is now settled that this averment of its antiquity is not necessary, and that the term " highway " will suffice.

*Aspindall* v. *Brown*, 3 Term 265, is directly in point, to the effect that an indictment need not allege the antiquity of the highway, nor how it became so.    2 Saund. 158, note 4.

We have been able to find no precedent in which the mode in which a highway became such, is particularly set forth.    The practice in this county has not been uniform, except so far as particular prosecuting officers may have had their own uniform ideas on the subject.    And if it had been uniform to set forth the record particularly, the fact would prove only the abundant and laborious caution of the officers of the State.

*French*, for the town.

This is an information for neglecting to make " a new public highway," and we contend,

I.    That the State were bound to prove this a highway " laid out agreeably to statute law."    It is not alleged to be a common or open public highway, or an ancient way, but a new highway.    By our statute, no highway that has not been laid out agreeably to statute law, shall be deemed a public highway, unless the same has been used by the public for a term of time not less than twenty years.    Comp. Stat. ch. 57, § 7.

It is not enough, in this State, as in some others, to prove a way *de facto*, from which a dedication to the public may be inferred, nor to prove some forms of a laying out, but the prosecutor must show, affirmatively, that the way has been laid out agreeably to statute law.    This he undertook to do by introducing the records of the judgment of the court of common pleas.    From these records, it appears in the words of the case, " that the road was laid out, in part,

over land of James Welch, and the report does not show that the comissioners gave him any notice of the time and place of the hearing upon the petition, and does not disclose any reason why such notice was not given." It appears that land was taken, and it does not appear that the land owner had notice, or a hearing or compensation.

To prove this road laid out agreeably to statute law, was the prosecutor bound to show anything, and if anything, what? The statute provides that there shall be a petition, notice to the towns, a reference to the road commissioners, a hearing upon notice given to all parties, and a report very specific. Can a road be laid out agreeably to statute law, while the requirements of the statute law are disregarded?

The court must be satisfied by proof that the statute provisions are complied with. In the absence of a full record of all the preliminary proceedings, the court might presume them regular in some cases, but here is not merely a record, in general terms, that a highway has been duly laid out, but a record of all the proceedings preliminary to the final action of the court, and this record, purporting to be full and complete, excludes any presumption. The whole record, including the report of the commissioners, was offered as evidence for the State.

It is said the record is conclusive until reversed, and so we contend. But of what is it conclusive? It is conclusive of the facts shown by it. This record is offered to prove the statute provisions, as to laying out highways, to have been complied with. If the record fails to show the statute course pursued, it fails to show a road laid out agreeably to statute law. Can it be argued that the conclusion of the record is to be taken conclusively to contradict the facts set forth as premises of the same record?

If, on the face of the record of the judgment, there is evidence of a want of compliance with preliminaries made by statute, essential to a valid judgment, it must be adjudged that the court has exceeded its jurisdiction. The case of

*Dinsmore & als.* v. *Auburn,* 6 Foster's Rep. 356, we cite as an authority in point. If, as in that case, the record fails to show the jurisdiction of the court over the particular case, though the general subject-matter and the parties were within it, the proceedings would be void. We also refer to *State* v. *Dover,* 10 N. H. Rep. 396; *State* v. *Strong,* 12 Shepley 297.

The record here is offered not for the purpose merely of proving that a judgment was rendered, but that certain preliminary steps had been taken, upon which the judgment was founded. Because a judgment was rendered upon a report, it does not follow that the route described in the information is a highway. It is a highway or not, according to the nature of the proceedings disclosed by the report. With reference to any fact upon whose supposed existence the judgment is founded, the proceedings may or may not be *res inter alios,* according to circumstances. 1 Stark. on Ev. 183.

The laying out of highways is not within the general jurisdiction of any court, but is a power given by statute, to be exercised in a certain manner, and not otherwise. Where an authority is given to a court, or to certain magistrates, to be exercised in a particular manner prescribed by statute, their doings will be void, unless the directions of the statute are substantially pursued. *Richardson,* C. J., in *Gorrill* v. *Whittier,* 3 N. H. Rep. 268; *Commonwealth* v. *Heare,* 2 Mass. Rep. 102; *Commonwealth* v. *Charlestown,* 1 Pick. 180; *Commonwealth* v. *Coombs,* 2 Mass. Rep. 492; *Arundell* v. *McCullock,* 10 Mass. Rep. 71; *Bliss* v. *Deerfield,* 13 Pick. 103; *Dudley* v. *Cilley,* 5 N. H. Rep. 561; 3 Met. 449; *Wiggin* v. *Exeter,* 13 N. H. Rep. 307; *Crepps* v. *Durden & al.* Cowper 640; *State* v. *Gilmanton,* 14 N. H. Rep. 468.

We contend, then, that the State were bound to prove a statute highway through the whole route described in the information, before a judgment against the defendant for a

fine, sufficient to build the whole route, could be rendered. Whether a verdict might not have been rendered for neglecting to build a part, is not material as the case stands.

II. Notice to the land owners is essential to a highway by statute law. Even where no statute provision expressly required notice, it was always held necessary, *Pritchard* v. *Atkinson*, 3 N. H. Rep. 338; *Commonwealth* v. *Churchill*, 4 Mass. Rep. 627; 2. N. H. Rep. 100; 12 N. H. Rep. 517.

The statute expressly requires notice to the owners of land, and that the commissioners shall hear all parties. Comp. Stat. 139, § 1, 2.

III. The evidence of the fact and manner of notice must be of record, certified in the report. Instead of leaving so important a matter as this of notice to be proved by parol, or presumed from circumstances, the statute provides that, in their report, the commissioners shall certify the names of the several owners of land taken for such road, to whom notice was given personally, or left at their usual places of abode, respectively, and in what manner notice was given to other like owners, and to selectmen of towns. Comp. Stat. ch. 140, § 5; *State* v. *Dover*, 10 N. H. Rep. 397.

IV. This is not a highway, laid out agreeably to statute law, as to Welch's land, and the town have no right to enter upon his land. The statute provides that he shall have notice, and he had none. It provides that he shall be heard, and he has had no opportunity to be heard.

But it has been contended that the highway is well laid out, because the statute gives redress to those whose land has been taken without notice. Comp. Stat. 139, § 10.

The intention of this provision is manifest. It was to provide redress where, by accident, land has been taken, without notice, actually, from the possession of the owner. Such cases may always arise, as where the owner is temporarily abroad, or not a citizen of the State. Where notice

is published, under the provisions of the statute, and actual notice had not reached the owner, this statute would apply. Comp. Stat. 138, § 3.

The statute gives the owner a right to be heard, not only as to his damages, but on the general question of public utility, whether any road shall be laid out. 2 N. H. Rep. 101; *Clarke* v. *Gilmanton,* 12 N. H. Rep. 518, 519. The law provides for compensation before the land shall be taken. Comp. Stat. 142, § 1.

This remedy is entirely adequate. It is a mere redress for a wrong; a right of action for an injury. His land is to be taken now, and his remedy is prospective, by process of law. If the land of one may be thus taken, then a highway may be laid out without any notice.

Courts have repeatedly quashed proceedings of this kind, for want of notice. *Pritchard* v. *Atkinson,* 3 N. H. Rep. 338; 2 Met. 220.

They have also often declared them void for similar irregularities. *Todd* v. *Rome,* 2 Greenl. 60; *Jones* v. *Andover,* 9 Pick. 146; *Harlow* v. *Pike,* 3 Greenl. 438.

Again, the right of subsequent redress has no bearing on the question at bar. This is a question of the present right of possession, not of a remedy for the loss of possession.

But it is said the town cannot take the exception; that as to the town the highway may be legal, while as to a land owner it may not be so.

Before the passage of our statute, (Comp. Stat. 144, § 7,) a highway might be proved by evidence of dedication and of user. How far that statute affects trials in which questions collaterally arise, is not here material. It is clear that, in this case, the State must prove a statute highway, which the town is bound by law to build. The State must prove that the town has the present right to enter on the land, eject the owner, so far as his possession obstructs the way, and keep him out.

The proceeding is, in this view, *in rem.* How could the

town be liable, in any form, for the deficiency of a road, if they had no legal right to open and make it, without consent of the owner. Their duty cannot be broader than their right. *Mellen*, C. J., in *Todd* v. *Rome*, 2 Greenl. 61.

And it is manifest that if any part of the way is not legally laid out, the town cannot be fined for not making it, described as it is as a whole in the information.

The case shows that Welch's land is in the middle of the route, and so the way could not be opened unless built across his land. And besides, the court below ruled that the highway was well laid out over Welch's land, and assessed a fine for making the whole, and if this ruling be erroneous, a new trial should be ordered.

The suggestion of the solicitor, that after the trial he offered to prove certain facts, is answered by a denial that any such proof can be made; and if it could be, the court of common pleas, and not this court, hears evidence on trials for criminal offences.

V. The information is bad, because it does not allege the highway to have been used twenty years, that is, an ancient way; nor that it has been "laid out agreeably to statute law," nor set forth the proceedings in laying out, that it may appear to be a highway.

This information is based on the first clause of section 1, chapter 57 of the Compiled Statutes, which provides that a fine shall be imposed, if any town unreasonably neglects to make and put in good repair any new highway laid out therein.

The ordinary form of indictment for not repairing highways, alleges that there is "a common public highway, used by all the good citizens," &c. 3 Chitty's Crim. Law 577. This is sufficient, and to support it, the prosecutor must prove that the road or street in question is a public highway, that is to say, a way open and common to all persons. Arch. Crim. Pl. 645.

But this form, in England, was held sufficient only where

the defendant was liable of common right, and the forms so allege the liability. The authorities are uniform, that where the defendant is liable, not of common right, but by custom, prescription or legislative provision, the indictment must show specifically the liability. 3 Chitty's Crim. Law 571.

And this is an objection of substance, not of form merely. *Rex* v. *Pendernyn*, 2 Term 541.

A new highway does not, of course, belong to the town to repair, even though within its limits. A turnpike is a highway, and so is a railroad, and the new highway described in the information may be either.

The proceedings under the statute should be sufficiently set forth on the face of the information, that it may appear to the court to be a new statute highway which the town is bound to make.

The practice, in this county, has been uniformly to set out the proceedings essential to the laying out of a new highway. Here there is not even an allegation that this is a highway laid out agreeably to statute law, or how it became a highway.

In *State* v. *Scammon*, 2 Foster's Rep. 44, it was held that an indictment for obstructing a collector of taxes, in the execution of his warrant in another town, must allege facts, which, under the statute, give a collector authority to execute his warrant beyond the limits of his own town.

It is believed that no authority can be found for a form of indictment based on a penal statute, which does not in some way indicate the liability under such statute.

EASTMAN, J. We have recently had before us several cases, in which the principle which must govern the decision of one of the exceptions stated in this case, was considered with more than ordinary deliberation.

In *Guernsey* v. *Edwards & a.*, 6 Foster's Rep. 224, we stated that where the proceedings in laying out roads are void for the want of jurisdiction, they must, so far as the

proceedings themselves are to be considered, fail under all circumstances.   But if the character of the objection be such that it might have been cured or obviated by a recommitment of the report, or other legal proceedings before judgment on the report, it cannot prevail in after proceedings, unless the party raising the exception is in a situation to take advantage of the error.

And in *The State* v. *Richmond*, 6 Foster's Rep. 232, we took the ground that the laying out of a highway by selectmen, in cases where they have general jurisdiction of the subject matter, is not void in the strictest sense of that term, although the course of proceedings prescribed by the statute may not have been followed; as if a land owner, over whose land a part of the highway has been laid, has not been notified, or no damages have been awarded him. Such laying out may be confirmed and the objections to it waived by the parties whose interests are involved, and whose rights are neglected; and it will thereby be rendered valid and effectual, because there is then no person who has the right to complain; that where the parties whose rights have been disregarded, have released their exceptions, or waived them, either expressly by their acts, or impliedly by their acquiescence, the laying out cannot be avoided on account of such exceptions.   Such was the purport of those decisions.

The case of *Dinsmore & a.* v. *Auburn*, 6 Foster's Rep. 356, does not conflict with these decisions.   That was decided upon the ground of the entire want of jurisdiction.   Such was also the ground upon which several other of the authorities cited for the defence were decided.

The very ingenious argument of the counsel for the town has led us to reëxamine the principles upon which *Guernsey* v. *Edwards* and *The State* v. *Richmond*, were decided. This we have carefully done, but without being able to discover any error in their correctness.

It is clear that the court had jurisdiction to lay out this

road in Raymond, and nothing appears upon the case to show that the action of the commissioners and court was defective for want of jurisdiction; and the only question that can arise in this branch of the case, is, does the town stand in a position to complain of the neglect to give notice to James Welch?

The town stands in a different position from that of any individual whose interests are affected by the laying out of a highway.   Individuals can complain only of such neglects and omissions as directly affect their interests.   The burden of building and maintaining highways is imposed by law upon the towns in which they are situated, and they have therefore been permitted to take seasonable exceptions to every defect in the proceedings by which the laying out may be affected as to individuals, because their burden is coextensive with all the land over which it is laid, and because their power to perform the duty of making and repairing it, is dependent upon its being effectually laid out.

To secure the opportunity to take advantage of every exception to the regularity of the proceedings, whether directly affecting the town or the land owners, the law requires that notice shall be given, by an order of court, to the town, before the reference of the petition to the road commissioners; and again by the road commissioners, of the time and place of hearing before them, and the town is usually the party defendant in the case until it is finally decided.

Being thus notified, and having the opportunity to be present, they will not be permitted to be heard to make any objections at the hearing upon the report, which they had opportunity to make before the reference.   They will not be permitted to suffer the petitioners to incur the expense of a hearing before the commissioners, and take the chance of a decision in favor of the town, while they hold in reserve what they suppose to be a fatal objection, if the decision should be against the town.

A report having been made by the commissioners favora-

ble to the petitioners, it becomes the right and duty of the town to take all such exceptions as may be legally raised to the regularity of the proceedings. It is the duty of the agents of the town, to the town itself, to the public, to the petitioners, and to the court, to seek out and bring to the notice of the court every objection to the proceedings which ought to prevent the acceptance of the report. It is unjust and inequitable for a party to lie by and be silent as to any objection which he knows, or which by reasonable diligence he ought to know, during the stage of the cause, when, if the objection were made, it might be obviated by further proceedings. As a general rule, exceptions will be considered as waived, unless taken at the first legal opportunity. *Stevens* v. *Goffstown*, 1 Foster's Rep. 454; *Foss & a* v. *Strafford*, 5 Foster's Rep. 80; *Gilford's Petition*, 5 Foster's Rep. 124; *Goodwin & a.* v. *Milton*, 5 Foster's Rep. 458.

In the present case, it is not denied that the town was regularly notified of the pendency of the proceedings before the court and the commissioners, for no objection is suggested as to either; and consequently they had an opportunity to take any exception founded on the want of notice to any person or party by law entitled to notice, but they did not take that on which they now insist. They must be taken to have known it, since the defect is apparent upon the face of the commissioners' report. They might have made it then, and then it might have been obviated by a recommitment, or by proof that the party, though not formally notified, had in fact consented to attend, and had been fully heard before the commissioners, or that he waived any notice before the commissioners, (for a parol waiver in such cases is sufficient;) or a release of the exception might have been obtained from Welch. Such a waiver or release has been constantly held to obviate all exception on account of the want of notice. The position in the argument that the record itself shows the laying out to be defective, is answered by the fact, that it was unnecessary, and it is not the

practice, for a waiver or release made on the coming in of a report, to be made a part of the report.

The town, then, having had the opportunity to bring forward this objection, and having neglected so to do, have waived all objection on this account, and cannot now be heard to make it. This waiver may be understood as an admission that the objection has in fact no real foundation; that either Welch was notified and the fact accidentally omitted to be stated in the record, or that he has waived all objection or obviated it by release. If the town had put upon the record a written admission or agreement that all the land owners had been duly notified, it could not be pretended that they could be heard to say that Welch had never been notified, and the effect of the legal principle to which we have referred must be equally binding.

These suggestions have been made without regard to the fact stated by the counsel for the State, as to the manner in which the notice was given. But if the fact be as suggested by him, it only tends to show that there is very little of equity in the exception.

The town, then, having been silent on the return of the report, when they ought to have spoken, cannot now be heard to speak when they ought to be silent; and this exception must be overruled.

The objection to the form of the information must also fail. It would be extremely onerous to require that all the proceedings, by which a highway is laid out, should be set forth in the information or indictment. The information states " that on the first day of January, 1852, there was, ever since has been, and still is, a new public highway, in the town of Raymond, in said county, duly laid out and established by law;" and then gives a description of the road. And this, we think, is entirely sufficient, without going into all the details by which the road was laid out. It alleges the existence of a highway within the limits of the town, and that the town is bound to make it and keep it in repair;

and the particular and detailed proceedings by which it became a highway, are, in our judgment, more proper for evidence on the trial, than for averment in the indictment. An information must allege sufficient facts to show an offence for which the town is liable, and that was done in this case.

According to the provisions of the case there must be

*Judgment for the State.*